UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                               **DECISION AND ORDER**
                                                        17-CR-141S

LAFERALD HINES,

                              Defendant.
_____

       On September 5, 2023, Defendant Laferald Hines moved to terminate the remaining portion of his supervised release—approximately 31 months—under 18 U.S.C. § 3583 (e)(1). (Docket No. 31.) He contends that termination is warranted because he has maintained employment and largely complied with his conditions. He further maintains that he wants to seek employment as an over-the-road truck driver. Both the government and probation office oppose Hines's motion on the basis that he has failed to demonstrate anything other than recent compliance, which alone does not warrant early termination. Having thoroughly examined the facts and circumstances, this Court finds that Hines's motion must be denied.

       A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of

1

supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Hines's term of supervised release is not warranted and would not be in the interest of justice.

First, Hines engaged in serious criminal conduct.  This Court sentenced Hines to an aggregate 60-month term of imprisonment after he pleaded guilty to possessing cocaine base with intent to distribute and possessing cocaine with intent to distribute and distributing cocaine within 1,000 feet of a playground owned by a public housing authority. See 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C); 21 U.S.C. § 860 (a).  Hines agreed to the imposition of the 60-month sentence under Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure.  In short, Hines was a mid-level drug distributor connected to the Project Boys Gang, which controlled drug-trafficking activities in the area of the Gates Public Housing Projects in Lackawanna, New York.  Hines admitted in his plea that in 2014 he regularly possessed with intent to distribute, and distributed cocaine base.  He further admitted engaging in drug sales within 1,000 feet of the Taggart Memorial Playground, which is owned by the Lackawanna Municipal Housing Authority.

Second, Hines has a history of being involved in domestic-relations incidents and violating orders of protection.  Most recently, he was arrested in September 2021 on an outstanding warrant from a domestic-violence incident that occurred in December 2020.

In that incident, Hines, who the presentence investigation report lists at 6'1" and 380 pounds, allegedly forced his way into his children's mother's home during an argument and threw her to the ground. (Docket Nos. 24, 30.) He then allegedly got on top of the woman, choked her, and slapped her in the face multiple times, scratching her face and breaking her glasses. (Docket No. 30.) He then fled the scene. See id. Although the woman had an Order of Protection against Hines, she declined to pursue charges. See id. Nonetheless, Hines consented to the modification of his supervised release conditions to include a 3-month term of location monitoring and an express provision that he must comply with all Orders of Protection. See id.

Third, Hines has served just slightly more than half of his 6-year term of supervised release. In that time, he was involved in the incident and arrest noted above, as well as a positive test for marijuana use in September 2021.

Fourth, other than the incidents above, Hines's supervised release conditions have generally proven an effective framework for his rehabilitation and reintegration, which furthers both his best interests and those of community safety.

Finally, the need to avoid unwarranted sentencing disparities and provide adequate deterrence counsel in favor of maintaining Hines's supervision.

Weighed against this backdrop is Hines's conduct on release, which setting aside the two incidents above, is largely favorable, but not exceptional. Hines has maintained steady employment and shown initiative in wanting to earn his Commercial Driver's License (CDL) and become an over-the-road truck driver. He professes to be living a law-abiding life and abiding by his conditions, but good behavior alone does not warrant

3

termination of supervision.  See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

  Rather, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Hines's criminal conduct and criminal history, his mixed performance on release, and the continuing interests of deterrence counsel in favor of maintaining Hines's supervised release.  While Hines suggests that supervised release poses an obstacle to his career plans, he offers no evidence in that regard.  To the contrary, it appears that the supervised release framework that has allowed Hines to succeed in the workplace could also assist him in

4

achieving his CDL and future employment goals.  Hines's efforts are laudable and should continue.  But for now, with little more than half of the term of supervised release completed, Hines's motion for early termination is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 31) is DENIED.

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Defendant at his address of record.

SO ORDERED.


Dated: October 23, 2023
       Buffalo, New York


                                                s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge